# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANTHONY LOMBARDI,

    Plaintiff,

v.

BOARD OF TRUSTEES HINSDALE SCHOOL DISTRICT 86, NICHOLAS WAHL, JAMES FERGUSON, THOMAS SCHWEER,

    Defendants.

No. 06 C 3683
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

**I.    BACKGROUND**

Defendant Board of Education of Hinsdale High School District No. 86 ("Board") hired Plaintiff Anthony Lombardi ("Lombardi") in May, 2003. Lombardi worked at Hinsdale Central High school as a non-tenured probationary employee between 2003 and 2006. He served as a physical education teacher, head varsity football coach, and assistant track coach. In March, 2006, the Board voted to non-renew Lombardi for the 2006-07 school year. His last day of employment was June 9, 2006.

Plaintiff filed this action on July 10, 2006. He claims violations of the Family and Medical Leave Act (FMLA), breach of contract, and tortious interference with contractual relations. He brings his claims against the Board; Nicholas Wahl, the superintendent of District 86; James Ferguson, the principal of Hinsdale Central High School; and Thomas Schweer, athletic director at Hinsdale Central High School (collectively "Defendants").

On September 11, 2006, Defendants filed a motion to dismiss. Lombardi responded on October 10, 2006, by filing his First Amended Complaint. In so doing, he clarified some points in his FMLA and breach of contract claims (Counts I and II, respectively) and changed the theory of his Count III tort claim. He now alleges tortious interference with contractual relations against the three individual defendants.

**II.     DISCUSSION**

    *A.     Standard of Review*

A motion to dismiss tests the sufficiency of a claim, not the merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant Defendants' motion only if Lombardi cannot prove any set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In reviewing Defendants' motion, I must construe all allegations in the claims in the light most favorable to Lombardi and accept all well-pleaded facts and allegations as true. *See Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). I may only grant Defendants' motion if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

    *B.     Plaintiff's FMLA Claim*

Lombardi – in his first amended complaint – made a number of clarifications to his FMLA claim. Defendants responded by narrowing the focus of their motion to dismiss this claim. They now argue only that Count I of Lombardi's complaint should be dismissed as against the individual defendants – Wahl, Ferguson and Schweer.

Defendants' argument focuses on a provision of the FMLA that creates special rules for employees of local educational agencies. 29 U.S.C. § 2618 (1994). Defendants contend that this section creates a much narrower definition of "employer" for FMLA suits brought by employees of local educational agencies than for FMLA suits generally. They assert further that this narrow definition does not permit suits against individual employer defendants.

Very few federal courts have ever even cited to this code section, and I could find no record of a court deciding this discrete question: whether § 2618 bars FMLA suits against individuals in the primary and secondary school context. For the reasons that follow, I find that § 2618 does restrict Lombardi to bringing his FMLA claim against the Board only, and therefore I am dismissing Count I as against the individual defendants.

As a starting point, neither the United States Supreme Court nor the Seventh Circuit has addressed whether – generally speaking – an individual may be held liable as an employer in FMLA actions. However, my colleagues in this district have consistently held that individuals can be held liable under the Act. *See Smith v. Univ. of Chicago Hospitals*, No. 02 C 0221, 2003 WL 22757754, at *6 (N.D. Ill. 2003) (collecting cases). The judges in this district have so held because the FMLA "tracks word for word the definition [of employer] used in the Fair Labor Standards Act," 29 U.S.C. § 203(d), and individuals can be subject to liability as employers thereunder. *Freemon v. Foley*, 911 F.Supp. 326, 330-31 (N.D. Ill. 1995). Were this a garden-variety FMLA case, I would be inclined to agree with these colleagues and hold that an individual is potentially liable as an employer under the FMLA. As this case involves a local educational institution, however, additional analysis is required.

3

At the next level of granularity, there is a debate amongst various courts regarding whether individuals at public agencies can potentially be liable as an employer under the FMLA. The Eighth Circuit holds that an FMLA claim may be brought against an individual as an employer, even at public agencies. *See Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002) ("We see no reason to distinguish employers in the public sector from those in the private sector. . . . If an individual meets the definition of employer as defined by the FMLA, then that person should be subject to liability in his individual capacity."). The Sixth Circuit, conversely, reached the opposite result. *See Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003) ("[T]he FMLA's individual liability provision does not extend to public agencies.").

The analysis these courts employed, however, also fails to resolve the precise issue that is now before me. In order to decide that question, I must now turn to the special rules that Congress created for FMLA claims against local educational entities.

When called upon to interpret a statute, courts must always begin with the statute's plain language. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). Where "the statutory language is unambiguous and 'the statutory scheme is coherent and consistent,' " a court cannot look further. *Id.* (*quoting United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989)).

Section 2618 begins by making clear that the FMLA does apply in the local school district context. 29 U.S.C. § 2618(a) (1994). The section – entitled "application" – states:

> (1) Except as otherwise provided in this section, the rights . . ., remedies, and procedures under this subchapter shall apply to--
>     (A) any "local educational agency" (as defined in section 7801 of Title 20) and an eligible employee of the agency; and
>     (B) any private elementary or secondary school and an eligible employee of the school.

29 U.S.C. § 2618(a)(1) (1994).

The section then goes on to provide a separate definition of "employer," "[f]or purposes of the application described in paragraph (1)." 29 U.S.C. § 2618(a)(2) (1994). It defines "employer" as "an agency or school described in paragraph (1)."

As noted above, paragraph (1) refers to 20 U.S.C § 7801 for the definition of "local education agency." Section 7801 defines "local education agency" as:

> [A] public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district, or other political subdivision of a State, or of or for a combination of school districts or counties that is recognized in a State as an administrative agency for its public elementary schools or secondary schools.

20 U.S.C. § 7801(26) (2002).

Congress intended § 2618 to control FMLA suits involving local school districts. First, the title of the subsection reads "special rules concerning employees of local educational agencies." 29 U.S.C. § 2618. In addition, subsection (a) states clearly that the rights, remedies and procedures of the FMLA do apply to local school districts.

However, while the FMLA does apply to local school districts, one of the "special rules" is the substitute definition of "employer" found in § 2618(a)(2)(B). The Supreme Court explains, "specific statutory language should control more general language when there is a conflict between the two." *Nat'l Cable & Telecommunications Ass'n, Inc. v. Gulf Power Co.,* 534 U.S. 327, 335 (2002). Accordingly, since Lombardi is bringing his FMLA claim in the local educational context, I must apply the § 2618(a) definition of "employer," and determine whether the individual defendants can be held liable thereunder.

It is readily apparent that the special definition of "employer" that applies when FMLA actions occur in the local education context does not countenance suits against individual

5

defendants. First, the statute defines "employer" by referring to the definition of "local educational *agency*." 29 U.S.C. § 2618(a) (emphasis added). The use of the term "agency" all but conclusively suggests that Congress did not envision individuals being included. In addition, the definition itself begins "a public board of education or other public authority." This too dispels any notion that the drafters sought to include individuals. Finally, there is nothing in the remainder of the definition to suggest that individuals were meant to be included.

It is true that a District Court in New Jersey recently held that individual school employees could be held personally liable under the FMLA. *See Hewett v. Willingboro Bd. Of Educ.*, 421 F.Supp.2d 814 (D.NJ 2006). However, nothing in the opinion suggests that that court even considered the special rules found in § 2618. Accordingly, that decision does not offer guidance on this exact question.

In sum, Congress undertook special efforts to enact separate rules for FMLA suits involving local schools. Part of those special rules involved a separate definition of "employer." That definition does not encompass individuals. Accordingly, Defendants' motion to dismiss Lombardi's FMLA claim as against Wahl, Ferguson, and Schweer is granted.

    C.    *Breach of Contract Claim*

In his Count II, Lombardi alleges a breach of contract claim. In his response to Defendants' Motion to Dismiss, Lombardi lists at least five ways in which he believes Defendants violated the collective bargaining agreement that controls here. However, Lombardi fails to reference – either in his First Amended Complaint or in his response to the motion to dismiss – Article XIV of the collective bargaining agreement. That is the portion of the collective bargaining agreement that sets out grievance procedures.

Failure to exhaust his administrative remedies is fatal to Lombardi's breach of contract claim. The collective bargaining agreement that controlled Lombardi's relationship with Defendants contained a grievance procedure. Lombardi either failed to avail himself of those procedures, or, at the very least, failed to properly plead that the grievance procedures were followed and exhausted. Under Illinois law, "employee subject to a collective bargaining agreement must at least attempt to exhaust contractual remedies before resorting to a judicial remedy." *Quist v. Bd. of Trustees of Cmty. Coll. Dist. No. 525,* 629 N.E.2d 807, 810 (Ill. App. Ct. 1994); *accord Patterson v. Carbondale Community High School Dist. No. 165*, 494 N.E.2d 240, 244 (Ill. App. Ct. 1986) ("[A]n employee seeking to enforce the employment contract must at least attempt to exhaust his contractual remedies before resorting to a judicial remedy."). Illinois law further states that "[t]o state a complaint, plaintiff must allege on the face of her pleading that grievance procedures were followed and exhausted." *Quist*, 629 N.E.2d at 810; *Patterson v. Carbondale Community High School Dist. No. 165*, 494 N.E.2d 240, 259 (Ill. App. Ct. 1986) ("The complaint must show on its face that the grievance procedures provided for in the collective bargaining agreement were followed and exhausted.").

Accordingly, Illinois law requires that I dismiss his breach of contract claim.

D. *Tortious Interference with Contractual Relations Claim*

In Count III, Lombardi claims that Defendants tortiously interfered with his contract. The elements for such a claim in Illinois are: "(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a

7

subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 676 (Ill. App. Ct. 1989).

Lombardi's claim must fail as against the Board, because the Board was also a party to the contract. It is settled law in Illinois that "an entity cannot be liable in tort for interfering with its own contract. To be tortious, the interference must come from an entity not a party to the contract." *Knickman v. Midland Risk Services-Illinois, Inc.*, 700 N.E.2d 458, 461-62 (Ill. App. Ct. 1998); *see also Kimbro v. Pepsico, Inc.*, 215 F.3d 723, 726 (7th Cir. 2000). There is no question that the Board was a party to the contract with which Lombardi is claiming that it tortiously interfered. Accordingly, I must dismiss this claim as against the Board.

Lombardi's claim must be dismissed as against the individual defendants as well. The individual defendants were agents of the Board, and acting on its behalf. Accordingly, a claim against them for tortiously interfering with a contract is tantamount to a claim against the Board. *See Fiumetto v. Garrett Enterprises, Inc.*, 749 N.E.2d 992, 1004 (Ill. App. Ct. 2001). As noted above, a claim against the Board for tortious interference with contractual relations must be dismissed because the Board is a party to the contract. *See Kimbro*, 215 F.3d at 726. Similarly, the claim must be dismissed as against the individuals as well.

### III. CONCLUSION

For the aforementioned reasons, Count I is dismissed as against Nicholas Wahl, James Ferguson, and Thomas Schweer. Counts II and III are dismissed in their entirety.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: November 29, 2006